**COVER-LETTER** 53,142-02

Mr. Tracy D. Gray #803844
The Connally Facilities
899 FM 632
Kenedy, Texas 78119-4516

[July 22, 2015]

Dear Clerk,

Enclosed, please find my Rebuttal to the State's response to my State Writ of Habeas Corpus 11.07.

Would you please file said Rebuttal with the proper Officials of the Court, and bring it to their attention that said Rebuttal has been "timely" submitted by me?

My family and I thank you in advance for your assistance with this very important matter, and I implore you to please notify me at my name and address as shown above of "any" and "all" rulings rendered by the Court on my documents?

Once again, thank you for your professional assistance. I remain,

Yours truly,

Mr. Tracy D. Gray

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUL 27 2015
Abel Acosta, Clerk

(ii)

CAUSE No'S F-97-49822-PR; & F-97-49821-PR

EX PARTE                              §    IN THE COURT OF CRIMINAL
                                      §    APPEALS, AT
MR. TRACY DEAN GRAY                   §    AUSTIN, TEXAS


THE APPLICANT'S REBUTTAL TO THE STATE'S RESPONSE
TO HIS APPLICATION FOR WRIT OF HABEAS CORPUS 11.07


TO THE HONORABLE JUDGE(S) OF SAID COURT:

COMES NOW, Mr. Tracy D. Gray TDCJ-ID #803844, pro-se Applicant styled hereinafter, and respectfully presents this His REBUTTAL to the State's Response to His Habeas Corpus. In support thereof, the Applicant states the following:

I.

"A CONSOLIDATED REBUTTAL"

1). **DOCTRINE OF LACHES**: Within His supportive Memorandum, the Applicant made a specific detailed illustration in accords with Ex parte Perez No. AP-76-800 (Tex.Crim.App.2013) that His delay in filing His writ was not unreasonable, and that He is likely to prevail on the merits of His presented laim(s). Despite of the reasonable explaination(s) rendered by the Applicant on pages 2-3 of His Writ's Memorandum, the State, in its response, failed to honor any of this Honorable Court's requisites as the Applicant adequately presented in His Memorandum. The State failed to address the Applicant's "Justification For Delay" argument on page 2 of His Memorandum, hence, failing to present this Honorable Court with an adequate review of His demonstrations;

2). **ACTUAL-INNOCENT**: Within its response, the State basically argued that the Applicant failed to cite "any" constitutional errors that resulted in His conviction. (See page 3 of State's Response) Contrary to this assertion, the Applicant presented His constitutional errors by way of demonstrating two (2) prima-facie illustrations of innocence on page 5 of His Memorandum. The Applicant basically argued that the New Evidence clearly shows that there was no evidence of robbery and no evidence that He pointed a weapon at either Complainant. Does not this demonstratrate that the Applicant's Due Process to the Sixth and Fourteenth Amendment to the United States Constitution were violated? Therefore, the Applicant did in fact demonstrate constitutional errors within His actual-innocence claim;

3). **NO EVIDENCE**§ The State is making a diligent attempt to mislead the Court on the issue(s) He's presented on this "NO EVIDENCE" issue by claiming the Applicant is arguing "legally sufficiency" of the

1-

evidence. Contrary to the State's response, the Applicant argued that the State produced no evidence to substantiate its allegations against Him.

This Honorable Court has ruled that a "NO EVIDENCE" claim is cognizable on a writ of habeas corpus, because where there has been no evidence to support a conviction, it violates Due Process. See Ex parte Perales, 215 s.w.3d at 419-20.;

4). **DOUBLE JEOPARDY**: The Applicant implores this Honorable Court to read an judge for itself His Double Jeopardy claim. (See pages 10-11);

5). **PROSECUTORIAL MISCONDUCT**: Does not this Honorable Court say that prosection are not to state personal opinions on the honesty and truthfulness of its witness? Sepulveda v. State, 751 s.w.2d 667. Is this not what the State did in the Applicant's case? (See pages 12-13 of Applicant's Memorandum). Despite of this fact, the State is attempting to play ignorant to this Honorable Court's requisites on this issue by attempting to render a lame non-related response to this issue by citing Wilson, 938 s.w.2d at 59, in which conflicts this Honorable Court's holding in Sepulveda as shown above; and

6). **INEFFECTIVE ASSISTANCE**: This Honorable Court should agree that the State's response to the Applicant's ineffective assistance claims are flawed and illogical. The Applicant made a very detailed showing on E-A-C-H of His ineffective assistance of counsel errors. Also! the Applicant was totally unaware that His trial counsel is deceased. And, as mentioned earlier in His "Doctrine of Laches" showing, the Applicant could not present a viable claim and/or claims against His trial counsel until He received His trial records. (See Exhibits H, I, and J attached with Applicant's writ) See also page 2 (at bottom) and 3 of said Memorandum entitled "Developing Sufficient Record."

These facts entails that the Applicant's writ is sufficient and deserves an adequate an proper review on its merits, whereas the State is eluding its responsibility of rendering a just consideration of the Applicant's claim(s).

## PRAYER

**WHEREFORE**, Applicant **PRAYS** that this Honorable Court **GRANT** Him a adequate and sufficient view on the claim(s) presented in writ and its supportive Memorandum of Law. And! upon its inspection it finds that the Applicant's writ has standing merits, Reverse and Remand these proceedings back to the 265TH Judicial District Court of Dallas County, Texas for further disposition.

[EXECUTED ON THIS THE 22 DAY OF JULY, 2015]

Respectfully submitted,

Mr. Tracy D. Gray #00803844
The Connally Facilities
899 FM 632
Kenedy, Texas 78119-4516

TDG c\c....

-3-